## WHITEHILL et al. v. HOWARD, State Auditor.

No. 8481—Opinion Filed March 13, 1917.

(163 Pac. 947.)

(Syllabus by the Court.)

**Former Case Followed.**

This case is governed by the decision in Large Oil Co. v. E. B. Howard, Auditor of the State of Oklahoma, 63 Okla. 143, 163 Pac. 537 decided February 27, 1917.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Ben F. Whitehill and others against E. B. Howard, Auditor of the State of Oklahoma. From the judgment in favor of defendant, plaintiffs bring error. Affirmed.

West, Sherman & Davidson, for plaintiffs in error.

S. P. Freeling, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for defendant in error.

SHARP, C. J. On July 1, 1916, the plaintiffs, Ben F. Whitehill, John F. Hayden, Hugh Donovan, Jr., and Joseph W. Whitehill, commenced their action against the defendant, E. B. Howard, auditor of the state of Oklahoma, by filing in the office of the court clerk of Oklahoma county an agreed case, which is in part as follows:

"That the plaintiffs, Ben F. Whitehill, John F. Hayden, Hugh Donovan, Jr., and Joseph Whitehill, are engaged in acquiring oil and gas mining leases and in producing oil and gas thereunder and marketing the same, and are the owners of the following oil and gas mining leases and have possession of the lands therein described, to wit: A lease executed December 16, 1905, by Rebecca Condry, a duly enrolled Cherokee Indian of five-eighths blood, covering and embracing the north half (N. ½) of the southwest quarter (S. W. ¼) of section thirty-one (31), township twenty-seven (27) north, range seventeen (17) east, being the homestead portion of the lands allotted to said Rebecca Condry, as her share of the Cherokee tribal lands; a lease executed July 16, 1909, by Mike Mayes, a duly enrolled Cherokee Indian of full blood, covering and embracing the northeast quarter (N. E. ¼) of the southwest quarter (S. W. ¼) of section five (5), and the southeast quarter (S. E. ¼) of the northwest quarter (N. W. ¼) of section fifteen (15) township twenty (20) north, range fifteen (15) east, being the lands allotted to said Mike Mayes as his share of the Cherokee tribal lands; a lease executed July 13, 1912, by Henry Morrison, a duly enrolled Creek Indian of the half blood, covering and embracing the southeast quarter (S. E. ¼) of the northwest quarter (N. W. ¼) of section eight (8), township eighteen (18) north, range eleven (11) east, being the homestead portion of the lands allotted to said Henry Morrison, as his share of the Creek tribal lands. That each of the above described oil and gas mining leases were executed by said Indian lessors, under the direction and with the approval of the Secretary of the Interior, and that said lands are restricted Indian lands under the laws of the United States of America, and that the said plaintiffs are now, and have been since February 14, 1916, producing oil and

gas therefrom. That said Ben F. Whitehill. John F. Hayden, Hugh Donovan, Jr., and Joseph W. Whitehill are operating each of said tracts of land for oil and gas under the said oil and gas mining leases made by the Indian citizens, the owners thereof, in accordance with the rules and regulations of the Secretary of the Interior, and the provisions of the various Indian treaties and acts of Congress, and which said leases have been duly and regularly approved by the Secretary of the Interior, under his direction, and upon forms prescribed by him, and that the development and operation of said lands for oil and gas under said leases has been, since February 14, 1916, and prior thereto, and is now, under the acts of Congress, subject to the control and supervision of the Secretary of the Interior. That said Ben F. Whitehill, John F. Hayden, Hugh Donovan. Jr., and Joseph Whitehill are operating each of said tracts of land and producing oil and gas therefrom under and in accordance with the terms and provisions of their said leases. and of the rules and regulations of the Secretary of the Interior and the various acts of Congress relating thereto, and pay a royalty provided for in each of said leases to the United States Indian superintendent in charge of said tribes or nations of Indians. and such royalty when so paid is held by said superintendent under and in accordance with the rules and regulations prescribed by the Secretary of the Interior and the various acts of Congress in relation thereto, and paid out to such Indians in such sums and by such methods as the Secretary of the Interior may order and direct, and in accordance with the rules and regulations of the Secretary of the Interior governing and controlling the same."

The purpose of the action and the submission in the form of an agreed case is thus stated by the parties:

"This cause is submitted to the court upon the facts above set forth, and it is agreed that if upon such facts the court shall decide that the production of oil and gas from said restricted Indian lands in possession of, and being developed and operated for, oil and gas. by the plaintiffs, Ben F. Whitehill, John F. Hayden. Hugh Donovan. Jr., and Joseph W Whitehill, under said leases so made under the direction and with the approval of the Secretary of the Interior, is not lawfully subject to said gross production tax, as an attempt of the state of Oklahoma to tax an agency of the United States government, or the means and instrumentality by which said United States government is performing its duty. right, and obligation to its Indian wards, relative to the development and operation of their restricted lands for oil and gas. then in such case, judgment shall be rendered against the defendant, E. B. Howard, as auditor of the state of Oklahoma, and in favor of said Ben F. Whitehill, John F. Hayden, Hugh Donovan, Jr., and Joseph W. Whitehill. for the return to, and recovery by, them, of $59.51, being the sum so paid and retained by said E. B. Howard. as aforesaid; otherwise

judgment shall be rendered in favor of the said E. B. Howard, as auditor of the state of Oklahoma, and against the said plaintiffs. Ben F. Whitehill. John F. Hayden, Hugh Donovan, Jr., and Joseph W. Whitehill, subject to the rights of exception and appeal by either party as in civil causes pending in said court."

It will be seen from the foregoing that the question involved is whether the act imposing the tax, paid under protest, was an attempt on the part of the state to tax an agency of the United States government, or the means and instrumentality by which said government. was performing its duty, right, and obligation to its Indian wards, relative to the development and operation of their restricted lands for oil and gas. The question is the same as that involved and recently decided in case ˙Large Oil Co. v. E. B. Howard, Auditor, ˙63 Okla. 143, 163 Pac. 537, in which, after full consideration, it was held that the act of the Legislature of May 4, 1916 (Sess. Laws 1916, pp. 102-110), was not an attempt on the part of the state to tax an agency of the federal government, ˙or the means and instrumentality by which said government was performing its duty to the Osage Indians, in respect to the development and operation of their lands for oil and gas. but that, on the other hand, the tax was imposed upon the production of oil and gas as property, and was therefore valid without regard to the agency employed in its production. There would seem to be no difference in this respect between a departmental Osage lease and a departmental lease of restricted lands in either the Creek or Cherokee Nations. The rules and regulations governing the leasing of the lands of the different Indian tribes, or of the members thereof, may differ, it is true, and in the Osage Nation the royalties are paid for the benefit of the Osage Indians collectively (Leahy v. Indian Territory Illuminating Oil Co., 39 Okla. 312, 135 Pac. 416), while the royalties in a Creek or Cherokee departmental lease, such as those under which the plaintiffs are operating. are paid to the individual Indian allottee, through the instrumentality of the Interior Department. These differences are unimportant, and in no wise affect the question of the power of the state constitutionally to tax the property of a federal agency. As the act of the Legislature does not impose a tax upon the agency or the means and instrumentality through which the federal government acts in its dealings with the lands of restricted Indians, it is not on that account unlawful.

Upon the authority of the opinion in Large Oil Co. v. E. B. Howard, Auditor of the State of Oklahoma. both as to the power of

the state to impose the particular tax and its constitutionality, the judgment of the trial court is affirmed.

All the Justices concur.